The District Attorney of Mobile County, Chris N. Galanos, filed a petition for declaratory judgment in the Circuit Court requesting the court to determine whether he, as District Attorney, has the sole responsibility for prosecuting the retrial of Thomas Whisenhant who is charged with rape where the victim was intentionally killed. From a finding in Galanos' favor, the Attorney General, Charles A. Graddick, appeals. We reverse.
The case involving Whisenhant arose in Mobile at the time Graddick was the Mobile District Attorney. Graddick served as chief prosecutor of that trial which resulted in Whisenhant's conviction. Graddick was personally and extensively involved in all stages of the original prosecution of Whisenhant.
Subsequently, the Alabama Court of Criminal Appeals reversed this conviction. Whisenhant v. State, 370 So.2d 1080
(Ala.Crim.App.), cert. denied, 370 So.2d 1106 (Ala. 1979). At the time the Court of Criminal Appeals' opinion was rendered Graddick was serving as Attorney General. Six days following the opinion, Galanos was appointed Mobile County District Attorney, filling the vacancy created by Graddick's becoming Attorney General.
Graddick brought with him to the Attorney General's office the prosecutorial files in the Whisenhant case. Galanos asked Graddick for these files and was informed by Graddick that he would keep the files as he intended to try the case. Graddick also informed Galanos that he would give him a copy of the files if a need were shown.
Galanos filed a petition for declaratory judgment asking the court to declare that he has the sole responsibility for the retrial of Whisenhant and for the court to define the rights and status of the Attorney General and District Attorney as such rights and status pertain to the conduct of criminal prosecutions in the Thirteenth Judicial Circuit. Graddick requested the court to declare that, as Attorney General, he had the power, authority and right to superintend and direct the prosecution, as chief prosecutor of the Whisenhant case. He also requested an order prohibiting Galanos from interfering with him.
The Circuit Court declared that Code 1975, § 12-17-184 (2), charges the District Attorney with the responsibility for the *Page 594 
prosecution of all pending cases arising out of indictments within his circuit and this section is paramount to any other statutory direction. Therefore, Galanos was to have sole responsibility for the retrial of the Whisenhant case. From this decision Graddick appeals. Briefs were filed and oral argument heard. The Alabama District Attorneys Association as amicus curiae, support the position taken by the Attorney General.
The controversy which has been presented to this Court concerns the alleged conflict between two sections of the Alabama Code. They are, Code 1975, § 12-17-184 (2), which states:
 It is the duty of every district attorney and assistant district attorney, within the circuit, county or other territory for which he is elected or appointed:
* * * * * *
 (2) To draw up all indictments and to prosecute all indictable offenses.
and § 36-15-14, which states:
 The attorney general, either in person or by one of his assistants, may at any time he sees proper, either before or after indictment, superintend and direct the prosecution of any criminal case in any of the courts of this state. The district attorney prosecuting in such court shall assist and act in connection with the attorney general or his assistant in such case.
We find no conflict exists between these two sections. Section 12-17-184 (2) merely describes the powers of the District Attorney and is not a limitation on the powers of the Attorney General.
We are not presented with a case where the Attorney General is attempting to usurp all of the functions of the District Attorney's office, and of course we do not decide this question. The Attorney General is merely attempting under legislative authority to superintend and direct the prosecution of the Whisenhant case. Thus, we are of the opinion that §36-15-14, enacted subsequent to § 12-17-184 (2), allows the Attorney General to assume the role of chief prosecutor. Should the District Attorney assist the Attorney General in the forthcoming trial, and should a conflict in judgment arise as to how the prosecution should be conducted, then we are of the opinion that the Attorney General's judgment should prevail.
For the reasons stated, the judgment of the Circuit Court is reversed and the cause is remanded.
REVERSED AND REMANDED.
BLOODWORTH, MADDOX, FAULKNER and EMBRY, JJ., concur.