The appellant, Robert Allan Moore, pleaded guilty to driving under the influence of alcohol (DUI), which, because this was his fourth or subsequent DUI conviction, is a Class C felony. See § 32-5A-191(h), Ala. Code 1975. The trial court sentenced the appellant to four years in prison, but split the sentence and ordered him to serve three years in confinement followed by five years of probation.
The appellant contends that the trial court erred in denying his motion to withdraw his guilty plea because, he says, the trial court failed to sentence him in accordance with the terms of the plea agreement on which his guilty plea was based.
The record reflects that the appellant entered his guilty plea on July 30, 1997, based on a written negotiated plea agreement, pursuant to which the state agreed to recommend that the appellant be sentenced to four years in prison. The written plea agreement did not contemplate a split sentence and contained no reference to a probationary term. Sentencing was set for September 4, 1997. At the sentencing hearing, the following occurred:
 "THE COURT: Mr. Moore, it is a miracle and the grace of God that you have not killed someone. You had a DUI in 1992, a DUI in 1993, a DUI in 1994, another DUI in 1994, another DUI in 1994. In 1996 the Colbert County Circuit Court sent you to prison for six months. How long had you been out of prison on your felony DUI when you acquired this DUI?
 "[Appellant]: About two months.
 "THE COURT: About two months. So you served six months in the state penitentiary and then got out and did the same thing two months later.
 "Mr. Moore, it's the judgment of this Court and the sentence of the law that you are sentenced to four years in the state penitentiary. However, I don't think that's good enough for you, so I'm going to split your sentence and I'm going to order you to serve three in prison and one year is going to be suspended and you're going to be placed on probation for five years after that.
 "Now, I'm not doing you a favor because when I split your sentence and ordered you to serve three years, you've probably been in the prison system long enough to know what that means, don't you? That means you are going to serve day for day, no good time, no parole, no early release. You are going to serve day for day three years in the state prison system.
 "You're also fined $4,000. You are ordered to pay a $100 assessment to the *Page 271 
Impaired Driver's Trust Fund, $50 to the Crime Victims Fund, court costs and attorney's fees.
 "It's obvious to me, Mr. Moore, that you are just simply a dangerous accident — a fatal accident — waiting to happen. I don't have any expectation at all that prison is going to change you, but I know for the next three years nobody in the state of Alabama or any other state is going to have to worry about Mr. Robert Allan Moore driving while he's drunk and killing them or a family member that they dearly love.
 "Do you understand what your sentence is, sir, and how it is?
 "[Appellant]: Yes, sir."
(R. 3-5.) As the trial court correctly stated, a defendant receiving a split sentence is not entitled to earn correctional incentive time while serving the minimum period of confinement ordered under the split sentence. Ferris v. State,648 So.2d 657 (Ala.Cr.App. 1994); § 15-18-8(g), Ala. Code 1975.
On September 8, 1997, the appellant moved to withdraw his guilty plea on the ground that, in return for pleading guilty, he had agreed to a four-year prison term; he argued that he did not contemplate a split sentence and that the trial court, by splitting his sentence, failed to carry out the plea agreement and in effect ordered a sentence less favorable to him than the sentence contemplated by the plea agreement. The trial court denied the appellant's motion to withdraw his guilty plea in the following order:
 "On September 10, 1997, the Court met with the attorney for the defendant and the assistant district attorney responsible for the case. After discussion, the Court denies the motion of the defendant to reconsider the sentence and also denies the motion to withdraw his guilty plea. The defendant received the four-year sentence that he agreed to."
(C. 16.)
While the sentence ordered by the trial court is within the range of punishment allowed by law and, considering the facts of the case, would appear to be appropriate and reasonable, we must agree with the appellant that the trial court failed to sentence him in accordance with the terms of the plea agreement.
 "`[T]he trial court is not bound to accept an agreement between the defense and the prosecution.' Ex parte Yarber, 437 So.2d 1330, 1336
(Ala. 1983). However, `"[w]hen the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made."' Bland v. State, 565 So.2d 1240, 1243 (Ala.Cr.App. 1990), quoting Ex parte Otinger, 493 So.2d 1362, 1364 (Ala. 1986)."
Bagley v. State, 681 So.2d 262, 265 (Ala.Cr.App. 1995). See also Rule 14.3(c)(2)(iv), Ala. R.Crim.P.[1]
Because the trial court effectively rejected the plea agreement in this case, the appellant should have been afforded the opportunity to withdraw his guilty plea. Thus, the trial court erred in denying the appellant's motion to withdraw his guilty plea. Taylor v. State, 677 So.2d 1284
(Ala.Cr.App. 1996); Clark v. State, 655 So.2d 50
(Ala.Cr.App. 1995); and English v. State,56 Ala.App. 704, 325 So.2d 211 (1975), cert. denied, 295 Ala. 401,325 So.2d 216 (1976).
Accordingly, the judgment of the trial court is reversed and this cause is remanded for the appellant to have the opportunity to withdraw his guilty plea.
REVERSED AND REMANDED.
All the Judges concur.
[1] Rule 14.3(c)(2)(iv) provides, "If the court rejects the plea agreement, the court shall . . . [a]fford the defendant the opportunity to withdraw the defendant's offer to plead guilty." *Page 272