McMILLAN, Judge.
The appellant was indicted for third-degree burglary, third-degree theft of property, and third-degree escape. He entered into a plea agreement with the State, pursuant to which he agreed to plead guilty to third-degree escape and the State agreed to recommend a sentence of two years for the third-degree escape conviction and to nol-pross the third-degree burglary charge and the third-degree theft of property charge. The appellant pleaded guilty to the charge of third-degree escape. Thereafter, a sentencing hearing was held, at which a presentence report was presented indicating that the appellant had 56 prior charges and 22 prior misdemeanor convictions. He was sentenced to two years in prison, and the sentence was split and he was ordered to serve 23 months and 25 days. The remainder of the sentence was suspended, and he was placed on probation for two years.
The appellant argues that the trial court violated Rule 14.3(c), Ala.R.Crim.P., in rejecting the plea agreement without following the requirements of Rule 14.3(c). Specifically, the appellant argues that the trial court deviated from the plea agreement “when it first sentenced the appellant to a term of five years with a two-year split and then, after a brief recess, amended that sentence and sentenced the appellant to a two-year split sentence to serve 23 months and 25 days.” He was then to serve two years on probation. The appellant argues that the trial court failed to follow the plea agreement. Following his sentencing, the appellant filed a motion for a new trial, alleging that his sentence was *1142 illegal as being outside the scope of the plea agreement he entered with the State.
In Moore v. State, 719 So.2d 269 (Ala.Cr.App.1998), a defendant charged with his fourth DUI conviction had entered into a plea agreement pursuant to which the State was to recommend that he be sentenced to four years in prison. This Court held that the trial court acted improperly in sentencing him to serve three years in prison followed by five years of probation. This Court reasoned that, by so sentencing the defendant, the trial court had effectively rejected the plea agreement without affording the defendant an opportunity to withdraw his guilty plea. Based on the holding in Moore v. State, supra, we conclude that the trial court in the present case effectively rejected the plea agreement by sentencing the appellant to the split sentence; therefore, the judgment is due to be reversed and the cause remanded for the trial court to comply with Rule 14.3(c), Ala.R.Crim.P.
REVERSED AND REMANDED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.