Herbert Wayne Faulkner appeals the circuit court's summary dismissal of his September 17, 1998, Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged his January 10, 1997, conviction for sodomy in the first degree and his sentence of 10 years in prison.[1] Faulkner pleaded guilty to the offense. No direct appeal was taken and the guilty plea colloquy is not part of the record on appeal.
The factual basis supporting Faulkner's request for relief under Rule 32 is his assertion that he entered into a plea agreement with the State on January 7, 1997, which stated that he would receive a "ten years/split three to serve in exchange for his guilty plea." C.R. 14.[2] According to *Page 464 
Faulkner, this information was explained to him by his attorney, and for that reason he said nothing during the guilty plea colloquy when the trial court asked him if he had any questions. Faulkner asserts that he entered his guilty plea, but the trial court refused to accept the State's sentence recommendation, and instead, sentenced him to serve a 10-year sentence and did not split the sentence.
In his petition and on appeal Faulkner contends that: 1) he did not knowingly and intelligently enter his guilty plea because that plea was based on a signed, written agreement between the State and his trial counsel, stating that Faulkner would receive a split sentence in exchange for pleading guilty; 2) the trial court did not provide him an opportunity to withdraw his guilty plea after it refused to accept the State's sentence recommendation, but instead, proceeded to impose sentence upon him; 3) the State did not present a factual basis to support the trial court's acceptance of the plea other than a mere reading of the indictment; and, 4) his trial counsel was ineffective because, he says, counsel did not tell him that the trial court could reject his agreement with the State.
The State filed a response requesting that the petition be dismissed for the following reasons: the claims are barred by the limitations period; the claims have no basis in law or fact; the petition was not specifically pleaded; the claims should have been raised on direct appeal, or when the plea agreement was reached, or at sentencing; the claims have no merit and are misleading; the State followed the law during the proceedings; the victim was available at all times during the proceedings to ensure that the petitioner was prosecuted to the full extent of the law; the petitioner's counsel was a competent and experienced criminal defense attorney; the fact that the petitioner does not remember everything his lawyer or the judge told him does not warrant an appeal; and, many of petitioner's claims are not true and are without merit in law or fact.
The circuit court denied the petition by written order, which states, in pertinent part:
 "ORDERED, ADJUDGED AND DECREED BY THE COURT that defendant's Rule 32 Petition for Relief of Conviction and Sentence be and the same is hereby DENIED based on the State's response."
C.R. 27.
In addition to the issues listed above, Faulkner correctly contends on appeal that the State and the trial court failed to respond to his ineffective-assistance-of-counsel claim, which alleged that he would not have pleaded guilty had he known the trial court could reject his plea agreement with the State. Therefore, we must accept this claim as being true. Thus, Faulkner says, he is entitled to an evidentiary hearing. He also contends that the circuit court failed to make specific findings of fact regarding his ineffective-assistance-of-counsel claim; therefore, he says, this case should be remanded to the trial court.
On appeal the State contends that Faulkner's claims should have been raised at trial and on appeal, and were not, and that therefore, the issues are precluded by Rule 32.2(a)(3) and (5), Ala.R.Crim.P.; that Faulkner's claims lack merit and are due to be dismissed pursuant to Rule 32.7(d), Ala.R.Crim.P.; that Faulkner failed to preserve the voluntariness of his guilty plea claim by an objection or by motion at the trial level; that Faulkner has failed to allege and to prove a jurisdictional ground for relief; and that Faulkner's ineffective-assistance-of-counsel claim was properly dismissed because it is based on bare allegations with no evidentiary support.
 I.
Faulkner was sentenced on or after January 10, 1997. His Rule 32 petition was filed on September 17, 1998. Therefore, the petition was timely filed within the two-year limitations period found in Rule 32. Rule 32.2(c), Ala.R.Crim.P. Thus, *Page 465 
none of Faulkner's claims are precluded by the limitations period.
 II.
Faulkner contends that his guilty plea was not entered knowingly and intelligently because, he says, he pleaded guilty based on a signed, written agreement between the State and his trial counsel stating that Faulkner would receive a split sentence and he was not sentenced according to the agreement.
Faulkner correctly asserts that a challenge to the voluntariness of his guilty plea may be presented for the first time in a timely filed Rule 32 petition. In Cantu v. State,660 So.2d 1026 (Ala. 1994), the Alabama Supreme Court held that a challenge to the voluntariness of a guilty plea is not precluded in a timely filed Rule 32 petition "even though it was a matter that could have been, but was not, raised in the trial court — by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial — and then pursued on direct appeal." Baker v. State, 717 So.2d 859, 860 (Ala.Cr.App. 1996).
The procedural due process requirements that must be met in order to consider a plea to have been voluntarily and intelligently entered have been incorporated in Rule 14.4, Ala.R.Crim.P. Satisfaction with the sentence imposed is not a due process requirement afforded a defendant; thus, Faulkner's dissatisfaction with the sentence imposed does not impact the voluntariness of his plea.
This claim is procedurally barred under the provisions of Rule 32.2, Ala.R.Crim.P. because it should have been challenged in a motion to withdraw the plea at trial and, if necessary, it should have been raised on direct appeal. Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P.
 III.
Faulkner contends that the trial court did not provide him with an opportunity to withdraw his guilty plea after refusing to accept the State's sentence recommendation, but instead, proceeded to impose sentence upon him.[3]
 "`"[T]he trial court is not bound to accept an agreement between the defense and the prosecution." Ex parte Yarber, 437 So.2d 1330, 1336 (Ala. 1983). However, "`when the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.'" Bland v. State, 565 So.2d 1240, 1243 (Ala.Cr.App. 1990), quoting Ex parte Otinger, 493 So.2d 1362, 1364
(Ala. 1986).'"
Moore v. State, 719 So.2d 269, 271 (Ala.Cr.App. 1998) (quotingBagley v. State, 681 So.2d 262, 265 (Ala.Cr.App. 1995)). A defendant has 30 days in which to file a motion to withdraw a guilty plea. Wallace v. State, 701 So.2d 829 (Ala.Cr.App. 1997). Therefore, Faulkner's contention that the trial court did not provide him with an opportunity to withdraw his plea is not well taken. Faulkner had 30 days after sentencing to file a motion to withdraw his plea, regardless of what transpired at his guilty plea hearing. Moreover, this issue should have been presented to the trial court and should have been raised and reviewed on direct appeal following an adverse ruling. Thus, this claim is procedurally precluded. Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P.
 IV.
Faulkner contends that the State did not present a factual basis to support the trial court's acceptance of the plea other than a mere reading of the *Page 466 
indictment. Issues relating to the factual basis for a guilty plea are not jurisdictional and do not go to a guilty plea's voluntariness. See Tillery v. State, 647 So.2d 87 (Ala.Cr.App. 1994). Therefore, this issue has been waived because it could have been raised at trial and on direct appeal. See, Rules 32.2 (a)(3) and (5), Ala.R.Crim.P. Moreover, "the reading of the indictment is sufficient to establish a factual basis for a guilty plea in certain cases." Alvis v.State, [Ms. CR-97-0822, June 19, 1998] 740 So.2d 459 (Ala.Cr.App. 1998).
 V.
Faulkner contends that his trial counsel was ineffective because, he says, counsel did not tell him that the trial court could sentence him differently from his sentence agreement with the State, and for failing to file a motion to withdraw his guilty plea based on the grounds that the trial court rejected the sentence contemplated in the plea agreement.
Faulkner's claim is simple, is sufficiently pleaded, and is meritorious[4] on its face. It contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon. Ex parte Boatwright,471 So.2d 1257 (Ala. 1985). Based on the pleadings contained in the record, it appears that Faulkner correctly asserts that the State failed to respond to the merits of his ineffective-assistance-of-counsel claim and that the circuit court failed to make findings of fact on a meritorious claim. Undisputed factual allegations must be taken as true.Henderson v. State, 586 So.2d 1009 (Ala.Cr.App. 1991).
If Faulkner's allegations are true, he is entitled to relief. See, Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985). See, Moorev. State, 719 So.2d 269, 271 (Ala.Cr.App. 1998). Faulkner was entitled to withdraw his plea when the trial court rejected the sentence agreement. There is nothing in the record disputing his claim that counsel was ineffective for failing to make a motion to withdraw his plea. The State's assertion that Faulkner's counsel was a competent and experienced criminal defense attorney is insufficient to address Faulkner's claim. Because his claim is meritorious on its face, Faulkner is entitled to the basis of the circuit court's findings. Meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial." Benefield v. State, 583 So.2d 1370,1370 (Ala.Cr.App. 1991).
Therefore, this cause must be remanded for the circuit court to make further findings of fact on Faulkner's claim that counsel was ineffective for failing to make a motion to withdraw his plea of guilty.
 VI.
Faulkner has checked on the portion of the printed form entitled, "Grounds of Petition," that he was entitled to relief because his failure to file a direct appeal within the prescribed time was without fault on his part. Faulkner has failed to attach any factual support for this claim to his petition. Thus, this claim is nothing more than a bare allegation, unsupported by any factual basis; accordingly, it fails to satisfy either the burden of proof requirements of Rule 32.3, Ala.R.Crim.P., or the specificity requirements of Rule 32.6(b), Ala.R.Crim.P.
We remand this cause to the trial court with instructions for that court to examine the merits of Faulkner's claim that his trial counsel was ineffective. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. See, Rule 32.9, Ala.R.Crim.P. In any event, due return should be made to this court within 70 days after *Page 467 
the release of this opinion. Return to remand should include the transcript from any further proceedings in addition to orders issued by the trial court and motions filed by the parties.
REMANDED WITH INSTRUCTIONS*.
Long, P.J., and McMillan, Baschab, and Fry, J.J., concur.
[1] The face of Faulkner's petition states that he was convicted on January 10, 1998. The State's response to the petition filed in the circuit court did not dispute the date of Faulkner's conviction. On appeal, footnote number 1 to the State's brief asserts that pursuant to a telephone conversation with the district attorney of Walker County, the State ascertained that Faulkner pleaded guilty on January 10, 1997. This information is not part of the record on appeal. However, elsewhere in Faulkner's petition, references are made to his January 1997 conviction. Based on the entire record, we believe the correct date of Faulkner's conviction to be January 10, 1997.
[2] Faulkner pleaded guilty in exchange for a 10-year sentence to be "split" so that he would serve three years in prison and the remainder on probation.
[3] We note that Faulkner contends in his petition that he entered his plea on January 7, 1997, and he was sentenced on January 10, 1997. He alleges on appeal that he was sentenced immediately following his plea of guilty. This discrepancy does not affect our holding.
[4] "A petition is `meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true." Moore v. State, 502 So.2d 819,820 (Ala. 1986).
* Note from the reporter of decisions: On August 27, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.