The appellant, Corey Eugene Benton, was indicted for the capital offense of robbery-murder. On September 10, 2001, he pled guilty to and was convicted of the capital offense of robbery-murder. On September 11, 2001, the trial court sentenced him to imprisonment for life without the possibility of parole. He did not appeal his conviction. In August 2002, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed. *Page 306 
 I.
The appellant argues that the State did not prove every element of the capital offense and that, therefore, the trial court did not have jurisdiction to render a judgment and impose a sentence in his case. These claims are nonjurisdictional claims[1]
that are precluded because he could have raised them at trial and on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant further argues that his trial counsel rendered ineffective assistance by allowing him to enter a guilty plea even though the State did not prove every element of the capital offense. However, he did not specify which element or elements he alleges the State did not prove.[2] Therefore, because his claim consists of bare allegations, he has not satisfied his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala. R.Crim. P.
For these reasons, the circuit court properly summarily dismissed these claims.
 II.
The appellant also argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the plea agreement in this case was void. Specifically, he contends that, although he agreed to waive his right to pursue a direct appeal and postconviction relief, that waiver was unconstitutional. In Boglin v. State, 840 So.2d 926,929-31 (Ala.Crim.App. 2002), we held:
 "It is well settled that a defendant may, as part of a negotiated plea agreement, agree to waive his right to appeal `so long as he is fully advised of its implications and he voluntarily agrees to enter into the agreement.' Watkins v. State, 659 So.2d 688, 689 (Ala.Crim.App. 1994). See also Dunn v. State, 514 So.2d 1300 (Ala. 1987); Watson v. State, 808 So.2d 77 (Ala.Crim.App. 2001); Jones v. State, 675 So.2d 69 (Ala.Crim.App. 1995); and Gwin v. State, 456 So.2d 845 (Ala.Crim.App. 1984). `[A] colloquy with the defendant that reflects that he or she was informed of the right to appeal and that he or she chose to waive this right is sufficient to show a valid and enforceable waiver.' Watson, 808 So.2d at 80. In addition, just like a challenge to the voluntariness of a guilty plea, the issue of the voluntariness of a waiver of the right to appeal will be reviewed on direct appeal if it is first presented to the trial court.
". . . .
 "The Alabama Supreme Court has held that the voluntariness of a guilty plea may be raised for the first time in a *Page 307 
Rule 32 petition. See Cantu v. State, 660 So.2d 1026 (Ala. 1994). The presence of a waiver of the right to collateral review should not bar review of the voluntariness of a guilty plea because, as noted above, an involuntary guilty plea will necessarily render the waiver involuntary and a waiver cannot be enforced if it is not voluntary. For this same reason, the voluntariness of the waiver itself may also be reviewed in a Rule 32 petition. In addition, because ineffective assistance of counsel may, in some circumstances, render a guilty plea involuntary, see Ex parte Blackmon, 734 So.2d 995 (Ala. 1999), we believe that claims of ineffective assistance of trial counsel may also be raised in a Rule 32 petition, despite a waiver of collateral review.
". . . .
 "We hold that although a waiver of the right to seek postconviction relief given as part of a plea agreement is generally enforceable, it cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness."
Accordingly, the plea agreement in this case was not necessarily void simply because the appellant waived his right to pursue a direct appeal and postconviction relief.
 III.
Finally, the appellant argues that he did not voluntarily waive his right to pursue a direct appeal and postconviction relief. Specifically, he contends that the trial court and trial counsel did not properly explain to him those rights and the effects of waiving those rights. Neither the State nor the circuit court refuted this particular claim. Therefore, based on Boglin, we remand this case to the circuit court for that court to make specific, written findings regarding the appellant's claim that he did not voluntarily waive his right to pursue a direct appeal and postconviction relief. On remand, the circuit court may require the State to respond to this specific contention and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., concurs; SHAW, J., concurs in the result; WISE, J., concurs in part and dissents in part, with opinion, which COBB, J., joins.
[1] We recognize that Cox v. State, 462 So.2d 1047
(Ala.Crim.App. 1985), and Elder v. State, 494 So.2d 922
(Ala.Crim.App. 1986), cite § 13A-5-42, Ala. Code 1975, for the proposition that the requirement that a defendant's guilt be proved to a jury beyond a reasonable doubt is jurisdictional. However, those cases and § 13A-5-42, Ala. Code 1975, do not stand for the proposition that the sufficiency of the evidence must be reviewed on direct appeal, whether or not preserved at the trial court level, or on collateral review if a direct appeal has not been pursued. Rather, the jurisdictional matter to which they refer is the procedural requirement that, when a defendant pleads guilty to a capital offense, the State must still prove the defendant's guilt to a jury beyond a reasonable doubt. To hold otherwise would provide for plain error review in a non-death-penalty case and would thus violate the plain language of Rules 45A and 45B, Ala. R.App. P.
[2] In his briefs to this court, the appellant attempts to make more specific allegations than he did in his petition. However, because he did not first present them to the circuit court, those allegations are not properly before this court. See Morrison v.State, 551 So.2d 435 (Ala.Crim.App. 1989).
* Note from the reporter of decisions: On February 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.