Michael Booker petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in affirming the Chambers Circuit Court's order denying his Rule 32, Ala. R.Crim. P., petition. We issued the writ of certiorari to review whether Booker's claim alleging that the State presented insufficient evidence to support his convictions is precluded from appellate review. For the reasons discussed below, we affirm, on a different rationale, the judgment of the Court of Criminal Appeals.
 I. Facts and Procedural History
Michael Booker pleaded guilty to two counts of capital murder and one count of attempted murder in March 1998. After a jury trial on the capital offenses pursuant to § 13A-5-42, Ala. Code 1975, which allows a capital defendant to plead guilty but requires the State to prove the defendant's guilt to a jury beyond a reasonable doubt, the jury convicted Booker of the capital charges. The trial court sentenced him to life imprisonment without the possibility of *Page 688 
parole on each capital conviction and to life imprisonment on the attempted-murder conviction. Booker later appealed his convictions and sentences to the Court of Criminal Appeals. In April 1998, the Court of Criminal Appeals dismissed Booker's appeal as untimely filed. Booker v. State,738 So.2d 944 (Ala.Crim.App. 1998) (table).
In November 2006, Booker, for the third time, petitioned the trial court for postconviction relief under Rule 32, Ala. R.Crim. P., alleging, among other things, that the State presented insufficient evidence to the jury to support his capital convictions. The trial court denied the petition as untimely filed and as successive. Booker then appealed the trial court's denial of his Rule 32 petition to the Court of Criminal Appeals.
The Court of Criminal Appeals affirmed the judgment of the trial court in an unpublished memorandum. Booker v. State
(No. CR-06-1730, Oct. 26, 2007), ___ So.2d ___ (Ala.Crim.App. 2007) (table). That court concluded in its unpublished memorandum that Booker's insufficiency-of-the-evidence claim was without merit because he had pleaded guilty to the charged offenses. Relying onWaddle v. State, 784 So.2d 367 (Ala.Crim.App. 2000), the Court of Criminal Appeals also held that "a challenge to the lack of a factual basis for a guilty plea is nonjurisdictional" and therefore subject to the procedural bars of Rule 32, Ala. R.Crim. P. Consequently, the Court of Criminal Appeals concluded that the trial court correctly found that Booker's claim that the evidence was insufficient to support his convictions for capital murder was precluded under Rule 32.2(b), Ala. R.Crim. P., as successive, and under Rule 32.2(c), Ala. R.Crim. P., as untimely filed.
Booker then petitioned this Court for certiorari review. We granted the petition to determine whether the decision of the Court of Criminal Appeals in this case conflicts with Elderv. State, 494 So.2d 922 (Ala.Crim.App. 1986), and Davisv. State, 682 So.2d 476 (Ala.Crim.App. 1995).
 II. Standard of Review
"`This Court reviews pure questions of law in criminal cases de novo.'" Ex parte Morrow, 915 So.2d 539, 541 (Ala. 2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala. 2003)).
 III. Analysis
To analyze whether the decision of the Court of Criminal Appeals conflicts with Elder and Davis, and thus whether the Court of Criminal Appeals erred in holding that Booker's insufficiency-of-the-evidence claim is precluded, we must determine whether insufficiency of the evidence to support the conviction is a jurisdictional defect when a defendant enters a plea of guilty to a capital offense pursuant to § 13A-5-42, Ala. Code 1975. Section 13A-5-42 provides:
 "A defendant who is indicted for a capital offense may plead guilty to it, but the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury. The guilty plea may be considered in determining whether the state has met that burden of proof. The guilty plea shall have the effect of waiving all nonjurisdictional defects in the proceeding resulting in the conviction except the sufficiency of the evidence. A defendant convicted of a capital offense after pleading guilty to it shall be sentenced according to the provisions of Section 13A-5-43(d)."
(Emphasis added.) This Court has not previously interpreted § 13A-5-42.
Booker correctly asserts that in Elder andDavis the Court of Criminal Appeals *Page 689 
held that failure to prove a defendant's guilt in a capital case beyond a reasonable doubt to a jury, as required by § 13A-5-42, is a jurisdictional defect. See Benton v.State, 887 So.2d 304, 306 n. 1 (Ala.Crim.App. 2003) ("We recognize that Cox v. State, 462 So.2d 1047
(Ala.Crim.App. 1985), and Elder v. State, 494 So.2d 922
(Ala.Crim.App. 1986), cite § 13A-5-42, Ala. Code 1975, for the proposition that the requirement that a defendant's guilt be proved to a jury beyond a reasonable doubt is jurisdictional"). In Davis, 682 So.2d at 479 n. 2, the Court of Criminal Appeals relied on Cox and Elder to note that "the requirement in § 13A-5-42 that the appellant's guilt be proved beyond a reasonable doubt to a jury is jurisdictional."
In Cox v. State, 462 So.2d 1047, 1049
(Ala.Crim.App. 1985), the trial court, without empaneling a jury, accepted a defendant's plea of guilty to a capital offense and sentenced him to life imprisonment without the possibility of parole. The trial court later held a hearing in which the defendant again entered a plea of guilty to the same capital offense. Cox, 462 So.2d at 1049. The trial court then empaneled a jury, which heard the State's prima facie case and returned a verdict of guilty. Id. The trial court again sentenced the defendant to life imprisonment without the possibility of parole. Id. In analyzing the defendant's assertion that his right to be free from double jeopardy had been violated because the trial court had sentenced him twice for the same offense, the Court of Criminal Appeals held that "[§] 13A-5-42 . . . required that [the defendant's] guilt be proved beyond a reasonable doubt by a jury, even though he had pleaded guilty. This requirement could not be waived. It was jurisdictional." 462 So.2d at 1051.
In Elder, 494 So.2d at 922, the defendant contended that the trial court had improperly accepted his plea of guilty under § 13A-5-42 because, he claimed, "the jury was selected by the agreement of both the prosecution and the defense." In considering whether the trial court had jurisdiction to accept the defendant's plea of guilty, the Court of Criminal Appeals held that "[w]ith regard to a guilty plea in a capital case, the requirement of § 13A-5-42 that the accused's guilt be proved beyond a reasonable doubt to a jury is jurisdictional."Elder, 494 So.2d at 923 (citing Cox,462 So.2d at 1051).
In Benton, a plurality opinion, the Court of Criminal Appeals, after acknowledging the holding in Cox andElder of the jurisdictional status of the proof-beyond-a-reasonable-doubt requirement in § 13A-5-42, stated:
 "However, those cases [Cox and Elder] and § 13A-5-42, Ala. Code 1975, do not stand for the proposition that the sufficiency of the evidence must be reviewed on direct appeal, whether or not preserved at the trial court level, or on collateral review if a direct appeal has not been pursued. Rather, the jurisdictional matter to which they refer is the procedural requirement that, when a defendant pleads guilty to a capital offense, the State must still prove the defendant's guilt to a jury beyond a reasonable doubt. To hold otherwise would provide for plain error review in a non-death-penalty case and would thus violate the plain language of Rules 45A and 45B, Ala. R.App. P."
887 So.2d at 306 n. 1.
Booker contends that Judge Wise's opinion concurring in part and dissenting in part in Benton, 887 So.2d at 308, correctly states that interpreting § 13A-5-42 as providing that an insufficiency-of-the-evidence claim is jurisdictional is consistent with Davis, Elder, and Cox.
Judge Wise reasoned: *Page 690 
 "An individual who pleads guilty to capital murder faces only two possible punishments — life imprisonment without the possibility of parole or the death penalty. Given these circumstances, together with the plain language of § 13A-5-42, it seems clear that the Legislature's intent was to provide individuals pleading guilty to the most serious criminal offense encompassed in Alabama law an elevated level of appellate review. . . . Such a conclusion is consistent with this Court's holdings in Davis v. State, 682 So.2d 476, 479 n. 2 (Ala.Crim.App. 1995); Elder v. State, 494 So.2d 922, 923 (Ala.Crim.App. 1986); and Cox v. State, 462 So.2d 1047, 1051 (Ala.Crim.App. 1985), which recognize that when a defendant pleads guilty to capital murder the State must nevertheless prove each element of capital murder beyond a reasonable doubt to the jury, and that such a requirement is jurisdictional.
 ". . . [A]llowing a defendant to challenge the sufficiency of the State's evidence in a capital-murder guilty-plea proceeding is consistent with the plain language of § 13A-5-42, which makes no distinction regarding a challenge to the sufficiency of the evidence based on the sentence imposed."
Benton, 887 So.2d at 308-09.
The State contends that the Court of Criminal Appeals correctly upheld the trial court's denial of Booker's Rule 32 petition because, it says, Booker's insufficiency-of-the-evidence claim is precluded as successive and untimely. See Rules 32.2(b) and (c), Ala. E.Crim. P. The State argues that the Court of Criminal Appeals correctly treated Booker's insufficiency-of-the-evidence claim as a challenge to the factual basis for the guilty plea, which it contends is a nonjurisdictional claim. The State relies upon Wright v.State, 902 So.2d 720 (Ala.Crim.App. 2004), and Faulknerv. State, 741 So.2d 462 (Ala.Crim.App. 1999), for the proposition that "issues related to the sufficiency of the factual basis for a guilty plea are usually not jurisdictional in nature." 902 So.2d at 734 n. 7 (Shaw, J., concurring specially). However, neither Wright norFaulkner dealt with a plea of guilty to a capital offense under § 13A-5-42. In Wright, a jury found the defendant guilty of robbery in the second degree, and inFaulkner, the jury found the defendant guilty of sodomy in the first degree. Likewise, the Court of Criminal Appeals relied on a noncapital case, Waddle v. State,784 So.2d 367 (Ala.Crim.App. 2000), to hold that Booker's petition was precluded because "a challenge to the lack of a factual basis for a guilty plea is nonjurisdictional."
The State also contends that the decision of Court of Criminal Appeals here does not conflict with Davis, Elder, orCox because, it says, those cases merely recognize that the procedural requirement that a defendant's guilt be proved beyond a reasonable doubt to a jury is jurisdictional and that it is not waived by entry of the guilty plea. The State makes the following distinction: When a defendant enters a plea of guilty in a capital case pursuant to § 13A-5-42, the State's failure to prove the defendant's guilt to a jury beyond a reasonable doubt is a jurisdictional defect, while the State's failure to present sufficient evidence to support the conviction is a nonjurisdictional defect. To support this distinction, the State relies on the previously quoted portion of the main opinion in Benton, 887 So.2d at 306 n. 1, which limited the holdings of Cox and Elder by stating that "the jurisdictional matter to which they refer is the procedural requirement that, when a defendant pleads guilty to a capital offense, the State must still prove the defendant's guilt to a jury beyond a reasonable doubt."
We conclude that the foregoing limitation of Cox andElder recognized in *Page 691 Benton is founded upon an erroneous reading of § 13A-5-42 in Cox and Elder. The plain meaning of § 13A-5-42 is simply that insufficiency of the evidence in a capital case is a nonjurisdictional defect that is not waived by a guilty plea. "In determining the meaning of a statute or a court rule, this Court looks first to the plain meaning of the words as they are written." Ex parteWard, 957 So.2d 449, 452 (Ala. 2006) (emphasis added). "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says." IMED Corp. v. Systems Eng'gAssocs. Corp., 602 So.2d 344, 346 (Ala. 1992).
We are here construing an exception to the rule set forth in a criminal statute, § 13A-5-42 — "[t]he guilty plea shall have the effect of waiving all nonjurisdictional defects in the proceeding resulting in the conviction except thesufficiency of the evidence." (Emphasis added.) It is well-established law that "`criminal statutes should not be "extended by construction."`" Ex parte Mutrie,658 So.2d 347, 349 (Ala. 1993) (quoting Ex parte Evers,434 So.2d 813, 817 (Ala. 1983), quoting in turn Locklear v.State, 50 Ala.App. 679, 282 So.2d 116 (1973)). Moreover, "exceptions [in statutes], as a general rule, should be strictly, though reasonably construed, and are to be extended only so far as then-language warrants." State v.Praetorians, 226 Ala. 259, 260, 146 So. 411, 412 (1933).
The exception in § 13A-5-42 does not go so far as to make a claim of insufficiency of the evidence jurisdictional because that status is not essential to achieving the obvious purpose of the exception — insulating a challenge to the sufficiency of the evidence from waiver by the plea of guilty to a capital offense. In other words, assuming appropriate preservation of the error in the trial court, a capital defendant on direct appeal, relying on § 13A-5-42, can assert insufficiency of the evidence without being subject to a contention by the State that the entry of the guilty plea waived any such defect. If the sufficiency-of-the-evidence error was not preserved, the conviction that was the basis of an appeal on this ground would be affirmed.
To interpret the exception in § 13A-5-42 as stating that a challenge to the sufficiency of the evidence is jurisdictional improperly extends the exception beyond its purpose and outside its context. We therefore expressly overrule Cox,Elder, and Davis to the extent that they are inconsistent with this opinion. Once the interpretation of § 13A-5-42 stemming from Cox and Elder is set aside as erroneous, the distinction recognized inBenton in order to circumvent these cases becomes unnecessary, and we therefore also overrule Benton to the extent it is inconsistent with this opinion. Thus, we overrule Cox, Elder, Davis, and Benton, and we hold that pursuant to § 13A-5-42 the State's failure to present sufficient evidence to prove a defendant's guilt beyond a reasonable doubt is a nonjurisdictional defect that, when adequately preserved, may be raised on appeal after a defendant pleads guilty to a capital offense.
 IV. Conclusion
In summary, the trial court denied Booker's Rule 32 petition alleging insufficiency of the evidence to support his convictions for two counts of capital murder and attempted murder based on preclusion under Rule 32. The Court of Criminal Appeals agreed that the petition did not allege a jurisdictional defect and affirmed the trial court's finding that Booker's claim was precluded. However, the Court of Criminal Appeals, in reaching the conclusion that Booker's claim was nonjurisdictional, relied upon the noncapital case of Waddlev. State, 784 So.2d 367 *Page 692 
(Ala.Crim.App. 2000), and did not consider the effect of § 13A-5-42, dealing with claims of insufficiency of the evidence in capital cases. We have done so and, by overruling Cox, Elder,Davis, and Benton, cases from the Court of Criminal Appeals construing § 13A-5-42, we hold, as a matter of first impression, that pursuant to § 13A-5-42 the State's failure to present sufficient evidence to prove a defendant's guilt beyond a reasonable doubt is a nonjurisdictional defect that, when adequately preserved, may be raised on appeal after a plea of guilty to a capital offense. Because the rationale of this Court also supports the trial court's holding, albeit on different grounds than those relied upon by the Court of Criminal Appeals, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
COBB, C.J., recuses herself.