PER CURIAM.
Attorney General Troy King, CVS Care-mark Corporation (“CVS”), Wal-Mart Stores, Inc. (‘Wal-Mart”), and Rite Aid Headquarters Corporation (“Rite Aid”) have, in two separate petitions, petitioned this Court for a writ of mandamus directing the Tallapoosa Circuit Court to accept the October 8, 2009, notice of dismissal, filed by the attorney general on behalf of the State, of the underlying action. We grant the attorney general’s petition and issue the writ (case no. 1090388). Because we issue the writ in case no. 109388, we deny as moot the petition of CVS, Wal-Mart, and Rite Aid (collectively, “the pharmacies”) in case no. 1090399.

Facts

On July 20, 2009, E. Paul Jones, district attorney for the Fifth Judicial Circuit (“the district attorney”), filed a complaint in the Tallapoosa Circuit Court against the pharmacies seeking declaratory and injunctive relief for alleged violations of the Alabama Pharmacy Act, § 34-23-1 et seq., Ala.Code 1975 (“the APA”), and the Alabama Deceptive Trade Practices' Act, §' 8-19-1 et seq., Ala.Code 1975 (“the ADTPA”). The district attorney also sought attorney fees and costs: In the complaint; the district attorney stated that the action was filed “in the name of the State of Alabama.” The State’s claims were based primarily on allegations that the pharmacies had substituted generic medications for name-brand medications without the express permission of the prescribing doctor. The State alleged that the pharmacies had unlawfully sold the substituted prescriptions to the citizens of the Fifth Judicial Circuit.
On October 8, 2009, before any of the pharmacies -answered the complaint, Special Assistant Attorney General Cheairs M. Porter, and Deputy Attorney General W. Rushing Payne, Jr., acting on behalf of the attorney general, filed a notice of dismissal on behalf of the State.[1]
On October 14, 2009, the district attorney filed a motion to strike the attorney general’s notice of dismissal, arguing that the attorney general had failed to file a notice of appearance on behalf of the State and had failed to seek leave of court to assume representation of the State’s interest iri the place of the district attorney.
*24 On October 29, 2009, Porter and Payne, acting on behalf of the attorney general, entered notices of appearance as counsel for the State of Alabama. Also on October 29, 2009, the attorney general filed a motion for leave to represent the State of Alabama and a motion to transfer representation of the State’s interest to the attorney general. The attorney general took the position that those motions were not necessary but indicated that he filed the motions to address any procedural concerns raised by the district attorney’s motion to strike. Also on that date the attorney general filed an opposition to the district attorney’s motion to strike the notice of dismissal. On October 30, 2009, the pharmacies filed a joint “motion in opposition” to the district attorney’s motion to strike.
On November 5, 2009, the trial court entered an order denying the attorney general’s motion for leave to represent the State of Alabama on grounds that the attorney general lacks authority to dismiss a civil action filed by a district attorney on the State’s behalf. The trial court’s November 5, 2009, order directed “the District Attorney for the 5th Judicial Circuit to proceed with the prosecution of this action.” The order did not expressly address the district attorney’s motion to strike the attorney general’s notice of dismissal.[2]
On November 25, 2009, the attorney general filed a motion requesting the trial court to certify the following question for an interlocutory appeal: “Whether the Attorney General is authorized to control and dismiss a civil case that was filed in the name of the State of Alabama by a district attorney.” The pharmacies subsequently joined the attorney general’s motion to certify the question for an interlocutory appeal. On December 3, 2009, the trial court denied the attorney general’s motion to certify the question.
On December 17, 2009, the attorney general filed a petition for a writ of mandamus directing the trial court to accept the October 8, 2009, notice of dismissal filed by him on behalf of the State. Also on December 17, 2009, the pharmacies filed a petition for a writ of mandamus “recognizing that the Attorney General acted within his authority in dismissing this action, and that the action has therefore been dismissed.”

Standard of Review

The standard of review applicable to a petition for a writ of mandamus is well settled:
“ ‘Mandamus is an extraordinary remedy and requires a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991); Ex parte Johnson, 638 So.2d 772, 773 (Ala.1994).’ Ex parte Gates, 675 So.2d 371, 374 (Ala.1996). See also Ex parte Waites, 736 So.2d 550, 553 (Ala.1999).”
Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000). In reviewing a trial court’s application of law to undisputed facts, we apply a de novo standard of review. Ex parte J.E., 1 So.3d 1002, 1008 (Ala.2008).

Analysis

The attorney general does not argue that the district attorney was without *25 authority to file the complaint in this action. Rather, the attorney general contends that the attorney general is entitled to dismiss the action on behalf of the State over the objection of the district attorney. The district attorney argues that the trial court correctly concluded that the attorney general does not have the authority, to supersede control of the litigation on behalf of the State and to dismiss the action. The dispositive question, then, is whether the attorney general may dismiss the action, despite the objection of the district attorney who initiated the action on behalf of the State.
The duties of the attorney general and district attorneys are prescribed by statute. Ala. Const.1901, Art. V, § 137 (“The attorney general ... shall perform such duties as may be prescribed by law.:.. The legislature may require the attorney general to defend any or all suits brought against the state, or any subdivision thereof. ...”); Ala.Code 1975, § 12-17-184 (setting forth the duties of district attorneys generally, including the duty “[t]o perform other duties and exercise other powers as are or may be required by law”). But see Ala.Code 1975, § 36-15-1.1 (“The Attorney General shall have and retain all of the powers, duties, and authority heretofore granted or authorized by the constitution, statutory law, or the common law.”).
“The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute.” Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala.1996) (citing Gholston v. State, 620 So.2d 719 (Ala.1993)). In applying relevant statutes to resolve the issues before us, we give the “ ‘[wjords used in a statute ... their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.’” Ex parte Booker, 992 So.2d 686, 691 (Ala.2008) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).
“All litigation concerning the interest of the state, or any department of the state, shall he under the direction and control of the Attorney General.” Ala.Code 1975, § 36-15-21. “The Attorney General is authorized to institute and prosecute, in the name of the state, all civil actions and other proceedings necessary to protect the rights and interests of the state.” Ala. Code 1975, § 36-15-12. Further, “[t]he attorney general shall give the district attorneys of the several circuits any opinion, instruction or advice necessary or proper to aid them in the discharge of their duties....” Ala.Code 1975, § 36-15-15.[3] Nevertheless, the district attorney argues that the attorney general is not authorized to direct or control the litigation in this action. Specifically, he argues that the attorney general has no authority to assume direct control of a civil action initiated by a district attorney or to dismiss the action.
*26 In support of this argument, the district attorney cites Ala.Code 1975, § 36-15-14, which states:
“The Attorney General, either in person or by one of his assistants, may at any. time he sees proper, either before or after indictment, superintend and direct the prosecution of any criminal case in any of the courts of this state. The district attorney prosecuting in such court shall assist and act in connection with the Attorney General or his assistant in such case.”
(Emphasis added.)
The district attorney notes that § 36-15-14 expressly authorizes the attorney general to superintend and direct the prosecution of criminal cases at any time but says nothing of superintending and directing civil cases. The district attorney argues that, if the legislature had intended the attorney general to superintend and direct civil cases filed by a district attorney, the legislature would have expressly so stated.
However, to determine the intent of the legislature with regard to the attorney general’s involvement in civil matters, we do not consider the silence of § 36-15-14 in a vacuum. Sections of the Code concerning the same subject matter must be construed together to ascertain the meaning of each. Ex parte Weaver, 871 So.2d 820, 824 (Ala.2003). Section 36-15-14 is not the only section of the Code that addresses the powers, duties, and responsibilities of the attorney general. See generally Ala.Code 1975, §§ 36-15-1 through -22 (setting forth the duties, responsibilities, and other matters regarding the office of attorney general).
Alabama Code 1975, § 36-15-1, sets out the general duties of the attorney general. Section 36-15-1(2) expressly states that the attorney general “shall ... attend to all cases other than criminal” that are pending in any of the courts of this State, “in which the state may be in any manner concerned.” As to criminal cases, however, § 36-15-1(2) states only that the attorney general “shall attend, on the part of the state, to all criminal cases pending in the Supreme Court or Court of Criminal Appeals.”. Section 36-15-14 .thus clarifies that the attorney general may also attend to, direct, and control a criminal case at the trial and pretrial level, and sets out particular information regarding the attorney general’s involvement in such a case. However, the mere silence of § 36-15-14 as to the attorney general’s responsibilities to “attend” to civil matters at the trial level, see § 36-15-1(2), indicates nothing about the details of those responsibilities one way or the other. In short, we are not persuaded by the district attorney’s argument that the attorney general has no authority to appear in, direct, control, or dismiss a civil action filed by a district attorney simply because § 36-15-14 is silent on that issue.
' The district attorney further argues that this action is beyond the direction and control of the attorney general because, according to the district attorney, the case does not involve the interest of the State. According to the district attorney, if the attorney general has the authority to direct and control civil litigation initiated by a district attorney, that authority extends only to matters concerning the representation of agencies and departments of the State. Alabama Code 1975, § 36-15-21, does not allow for such a construction. Section 36-15-21 states: “All litigation concerning the interest of the state, or any department of the state, shall be under the direction and control of the Attorney General.” (Emphasis added.) Generally speaking, the State has an interest in an action, such as the present one, that is filed in the State’s name and on its *27 behalf to vindicate its policies and concerns.[4]
We note that, in the complaint the district attorney filed on behalf of the State, he stated:
“Code of Alabama § 34-23-2 — Legislative declarations — construction, states in pertinent part that ‘[t]he practice of pharmacy and the management and operation of pharmacies ... affect the public health, safety and welfare of the people of Alabama, and [are] thereby subject to regulation and control in the public interest....’ ”
The district attorney further argues that all grants of authority to. a district attorney to initiate and prosecute actions operate as specific exceptions to the attorney general’s authority to direct and control “[a]ll litigation concerning the interest of the state.” Ala.Code 1975, § 36-15-21. The district attorney cites Ala. Code 1975, § 8-19-8(a), which authorizes either the attorney general or the district attorney to file an action on behalf of the State seeking an . injunction restraining persons from violating the ADTPA. He also cites the following provision in the APA: “It shall be the duty of the district .attorney of the judicial circuit wherein any offense is committed to prosecute violations of this chapter.” Aa.Code 1975, § 34-23-93.[5]
' The district attorney also cites Aa.Code 1975, §. 12-17-184(3), which states:
“It is the duty of every district attorney and assistant district attorney, within the circuit, county, or other territory for which he or she is elected or appointed:
[[Image here]]
“(3) To prosecute and defend any civil action in the circuit court in the prosecution or defense of which the state is interested.”
But see Aa.Code 1975, § 36-15-12 (“The Attorney General is authorized to institute and prosecute, in the name of the state, all civil actions and other proceedings neces *28 sary to protect the rights and interests of the state”).
The district attorney argues that, because it is the duty of a district attorney to prosecute civil actions in which the State is interested, including actions brought under the ADTPA and the APA, the attorney general is without authority to direct or to superintend control of the prosecution of such actions. In support of this argument, the district attorney points out that, as a matter statutory interpretation, when two statutes conflict, special statutory provisions relating to specific subjects are understood to be exceptions to general provisions relating to general subjects. Ex parte E.J.M., 829 So.2d 105, 108-09 (Ala.2001).
However, wherever it is possible reasonably to do so, statutes should be construed together so as to harmonize their provisions as far as practical. Ex parte Jones Mfg. Co., 589 So.2d 208, 211 (Ala.1991); Siegelman v. Folmar, 432 So.2d 1246 (Ala.1983). In the statutes conferring on district attorneys the duty to prosecute civil actions in the name of the State, we find no conflict with, or limitation on, the authority of the attorney general to direct and to control litigation instituted on behalf of the State. As we recently observed in Riley v. Cornerstone Community Outreach, Inc., 57 So.3d 704 (Ala.2010) (released while the petitions in this case were pending):
“[T]he tension between the powers of the governor and the statutory authority of the attorney general to prosecute ‘all’ cases finds an analogue in the juxtaposition of authority granted the attorney general and that granted district attorneys. Thus, in Graddick v. Galanos, 379 So.2d 592, 594 (Ala.1980), this Court found no conflict between the attorney general’s authority in § 36-15-14 to superintend criminal cases, on the one hand, and ‘the duty of every district attorney and assistant district attorney, within the circuit, county, or other territory for which he is elected or appointed: ... (2) to draw up all indictments and to prosecute all indictable offenses.’ ... This Court reasoned that the latter language merely describes the powers of the district attorney and is not a limitation on the powers of the attorney general.”
Cornerstone, 57 So.3d at 732 (emphasis omitted).
In short, although district attorneys (as well as the attorney general[6]) are charged with instituting and prosecuting criminal and civil actions on behalf of the State, the district attorney has pointed to no rule or statute that permits a district attorney, in the exercise of those duties, to disregard the direction, control, and instruction of the attorney general in such cases. Where, as here, the attorney general clearly directs and instructs that litigation on behalf of the State be dismissed, his instructions in that regard take precedence over a district attorney’s desire to proceed with the action. Cf. Graddick v. Galanos, 379 So.2d 592, 594 (Ala.1980) (“[Ala.Code 1975, §] 12-17-184(2)[7] merely describes the powers of the District Attor *29 ney and is not a limitation on the powers of the Attorney General.”).
In this case, the attorney general has made clear that the action is to be dismissed. The district attorney has made clear that he will not comply with the direction and control of the attorney general in this regard and that he will proceed with the action. Under the circumstances, if the attorney general’s statutory duties to direct, control, and attend to civil litigation concerning the interests of the State are to have any effect, the attorney general must have the prerogative to step in and dismiss the action on behalf of the State where, as here, the district attorney’s office will not do so. See Ala.Code 1975, § 36-15-21 (“All litigation concerning the interest of the state, or any department of the state, shall be under the direction and control of the Attorney General.”); State ex rel. Carmichael v. Jones, 252 Ala. 479, 484, 41 So.2d 280, 284 (1949) (noting that the attorney general’s “ ‘power ... to control litigation involves the power to discontinue if and when, in his opinion, this should be done.’ ” (quoting 5 Am.Jur. 240 § 11)).
The attorney general has established a clear legal right to appear and to dismiss the action on behalf of the State, and the trial court has denied him that right. In the circumstances before us, we are convinced that the attorney general lacks any other adequate remedy and has thus properly invoked the jurisdiction of this Court. Therefore, we hold that the attorney general is entitled to a writ of mandamus directing the trial court to accept the notice of dismissal he previously filed on behalf of the State.
Further, our issuance of the writ requested by the attorney general renders moot the pharmacies’ petition for a writ of mandamus.
1090388 — PETITION GRANTED; WRIT ISSUED.
1090399 — PETITION DISMISSED AS MOOT.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. See Rule 41(a)(1), Ala. R. Civ. P. ("[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first oc-curs_”).'

. From the materials before us, it appears that the trial court never expressly ruled on the district attorney's motion to strike the notice of dismissal.

. The district attorney contends that § 36 — 15— . 15 merely allows the attorney general to give "advice” and "opinions” to a district attorney, but, according to the district attorney, nothing in the statute requires a district attorney to follow such "advice” or “opinions.” The district attorney fails to address the fact that, according to § 36-15-15, in addition to "advice” and "opinions,” the attorney general "shall give the district attorneys ... instruction ... necessary or proper to aid them in the discharge of their duties.” "Instruction” can be used to refer to "a direction calling for compliance,” or to the activity of teaching and training. Merriam-Webster's Collegiate Dictionary 649 (11th Ed. 2004). The district attorney fails to submit any argument or authority as to the legislative intent conveyed by the word "instruction” as used in § 36-15-15.

. See Ala.Code 1975, § 36-15-1.1 ("The Attorney General shall have and retain all of the powers, duties, and authority heretofore granted or authorized by the constitution, statutory law, or the common law.”); Ex parte Weaver, 570 So.2d 675, 677 (Ala.1990), rev’d on other grounds, Riley v. Cornerstone Cmty. Outreach, Inc., 57 So.3d 704, 728 (Ala.2010) (" ‘The most far-reaching of the attorney general's common-law powers is the authority to control litigation involving state and public interests.... As the state’s chief legal officer, “the attorney-general has power, both under common law and by statute, to make any disposition of the state’s litigation that he deems, for its best interest_ [H]e may abandon, discontinue, dismiss or compromise it.” In addition to having authority to initiate and manage an action, the attorney general may elect not to pursue a claim or to compromise or settle a suit when he determines that continued litigation would be adverse to the public interest. Most courts have given the attorney general a broad discretion ... in determining what matters may, or may not, be of interest to the people generally.' ” (quoting Note, Tice v. Department of Transportation: A Declining Role for the Attorney General? 63 N.C.L.R. 1051 at 1053-54 (1985) (footnotes omitted))).

. Section 34-23-93 also provides:
“The [Board of Pharmacy] and its members and officers shall assist prosecuting officers in the enforcement of [the APA].... The Attorney General of the state shall be the attorney for the board, but the board may in its discretion employ other counsel.”
The parties submit no legal argument as to whether the sentence cited by the district attorney, standing alone or in conjunction with the remainder of § 34-23-93, acts to modify the attorney general’s general duty to direct and control litigation in which the State has an interest. " ‘[I]t is not the function of this Court to do a party's legal research or to make and address legal arguments for a party....’ ” Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).

. See Ala.Code 1975, § 36-15-12 ("The Attorney General is authorized to institute and prosecute, in the name of the state, all civil actions and other proceedings necessary to protect the rights and interests of the state.”).

. Alabama Code 1975, § 12-17-184(2), states:
“It is the duty of every district attorney and assistant district attorney, within the circuit, county or other territory for which he is elected or appointed:
[[Image here]]
"(2) To draw up all indictments and to prosecute all indictable offenses.”