On November 7, 1991, Anthony Lee Minor pleaded guilty to the unlawful distribution of marijuana. On December 13, 1991, Minor was sentenced to three years' imprisonment pursuant to a plea agreement. At this time, the trial court denied Minor's application for probation.
On December 16, 1991, Minor filed a motion to reconsider his application for probation, which motion was denied by the trial court on January 8, 1992. The motion to reconsider states that Minor "entered this plea of guilty based upon the representation *Page 1072 
of defense counsel that he was likely to get probation due to the small amount of marijuana involved and the fact that he had no prior criminal history, juvenile or otherwise." The attorney who filed the motion on behalf of Minor was the same attorney who had told Minor that he was "likely to get probation."
On January 7, 1992, Minor notified the trial court that he wished to appeal his guilty plea conviction. On January 13, 1992, the trial court appointed the same attorney who had represented Minor during the guilty plea proceedings and who had filed the motion to reconsider to represent Minor on appeal. On January 21, 1992, Minor, through defense counsel, filed a motion to withdraw his guilty plea. The motion to withdraw the guilty plea states that the guilty plea "was made as a result of representations that Defendant would receive probation if a plea was entered. Had the Defendant known that probation was not to have been given, the plea would never have been made." (R. 43.) In brief, defense counsel states that the Minor should have been allowed to withdraw his guilty plea because defense counsel "indicated" to Minor that "he would be granted probation."
Although this court would not normally have jurisdiction to consider this issue because an untimely motion to withdraw the guilty plea was filed in the circuit court, see Rose v. State,598 So.2d 1040 (Ala.Cr.App. 1992), we find that this issue is preserved for our review because this matter was raised in the trial court by the motion to reconsider, which was timely filed. Further, we note that appellate counsel (who was also trial counsel) was not appointed until the day after a timely motion to withdraw a guilty plea could have been filed.
We are unable to determine from the record exactly what representation defense counsel made to Minor with regard to probation. The motion to reconsider states that defense counsel told Minor he was "likely to get probation." The motion to withdraw the guilty plea states that defense counsel told Minor that he "would" get probation if he pleaded guilty. In brief, defense counsel states that he "indicated" to Minor that he would get probation. If Minor entered his guilty plea based solely upon the representation of defense counsel that hewould be granted probation if he pleaded guilty, then Minor may have received ineffective assistance of counsel. Therefore, this cause is remanded to the trial court to appoint new counsel for Minor and to hold an evidentiary hearing. At the hearing, the trial court shall determine if, in fact, trial counsel (who was also appellate counsel) told Minor that hewould be granted probation if he pleaded guilty. If thisabsolute representation was made to Minor, then the trial court must determine whether Minor would not have pleaded guilty but for this misrepresentation. If an absolute representation was made to Minor that he would get probation if he pleaded guilty and if the trial court finds that Minor would not have pleaded guilty but for this misadvice, then the trial court shall determine whether Minor shall be allowed to withdraw his guilty plea to correct a manifest injustice. Rule 14.4(e), A.R.Crim.P. In the event the trial court allows Minor to withdraw his plea, the "charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be reinstated automatically." A return to remand shall be filed with this court within 60 days.
REMANDED.*
All the Judges concur.
* Reporter of Decisions' note: On April 16, 1993, on return to remand, the Court of Criminal Appeals affirmed, by an unpublished memorandum. *Page 1073