On January 23, 1997, the appellant pled guilty to burglary in the first degree, assault in the second degree, and theft of property in the first degree On February 6, 1997, the trial court sentenced him, to imprisonment for 20 years in each case and ordered that the sentences run concurrently. On July 6, 1998, the appellant filed a Rule 32, Ala.R.Crim.P., petition for post-conviction relief in which he alleged that his trial counsel had been ineffective Specifically, he contended that counsel informed him that, even though he was to be sentenced as a habitual offender, he would be placed on work release within 18 months. He asserted that he recently learned that he is not eligible for work release because he is HIV positive. He also claimed that trial counsel knew he was HIV positive and should have. known that he was not eligible for work release. Therefore, he contended that he would have pled guilty if counsel had not told him he would be placed on work release within 18 months. The State responded, arguing that the petition should be dismissed a Rule 32 petition is not the proper method for challenging the denial of work release status. The circuit court dismissed the petition, finding that the appellant had improperly challenged the denial of work release status in a Rule 32 petition. This appeal followed.
The appellant argues that the circuit. court erred in dismissing his petition. We agree. In his petition, he raised an ineffective-assistance-of-counsel claim, not a challenge to the denial of work release status. Thus, contrary to the State's assertion and the circuit court's finding, the appellant properly presented his claim in a Rule 32 petition. Ex partIngram, 675 So.2d 863 (Ala. 1996). Furthermore, he has stated a claim that, if true, could entitle him to relief. Minor v.State, 627 So.2d 1071 (Ala.Cr.App. 1992).
Accordingly, we remand this cause to the circuit court with directions that the State be allowed to respond to the appellant's allegations that his trial counsel was ineffective. On remand, the circuit court shall determine whether it should conduct an evidentiary hearing on the appellant's claim that his trial counsel was ineffective. We note that the record indicates that, on September 12, 1997, the circuit court dismissed the appellant's first. petition for post-conviction relief. However, there is no indication that that petition was adjudicated on its merits. The record before us does not contain the previous petition order or dismissal. Therefore, from the record before us, we cannot hold that the present petition is successive. However, we do not foreclose the possibility that the circuit court may be able to make such a determination on remand. On remand, the circuit court shall enter specific, written findings concerning the appellant's ineffective-assistance of counsel claim, and it shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the proceedings, if any; the State's response; the circuit court's written findings; and any relevant *Page 887 
documents pertaining to the appellant's previous petition for post-conviction relief.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.
* Note from the reporter of decisions: On December 18, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.