PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS
On June 23, 1997, Michael A. Blackmon pleaded guilty to theft of property in the second degree, and the trial court sentenced him to two-years' imprisonment. On July 27, 1997, Blackmon, through appointed appellate counsel, filed a motion to set aside or withdraw his guilty plea on the ground that his trial counsel had misrepresented to him the length of his sentence by assuring him that he would be released on the day he pleaded guilty.[1]
Blackmon alleged that his trial counsel promised him that the plea agreement required the judge to sentence him to "time served"; Blackmon had been incarcerated for approximately nine months before pleading guilty.
The trial court held a hearing on the motion, at which both Blackmon and his fiancee testified. Blackmon testified that his trial counsel had told him that the plea agreement stated that he would get "time served" and that he "could walk out and go home" that day. Blackmon also stated that he wanted to leave that day because he thought he had been in jail long enough and he wanted to get out and help his family. Blackmon's fiance testified that Blackmon's trial counsel told her that if he *Page 996 
pleaded guilty "he would get out that day." She also testified that Blackmon's trial counsel told her that it was possible that Blackmon's case would not get back on the docket "for another year or so because on that day it was two dockets being held, and it wasn't any telling how long it would be before Mike would be called back if he didn't take the guilty plea that day." She also stated that she relayed this information to Blackmon.
The State pointed out that Blackmon did not call his trial counsel as a witness. The State also elicited testimony from Blackmon indicating that he has three years of college education. The State introduced the record of the trial court's plea colloquy with Blackmon, which the State says refuted Blackmon's claim that his trial counsel promised him a sentence of "time served." The record of the colloquy reads, in pertinent part:
 "THE COURT: Has anyone promised to reward you or any member of your family or anyone else to get you to say that you're guilty?
 "THE DEFENDANT: No, sir. Just to help my family, that's all I'm trying to do, get out.
 "THE COURT: Well, I mean has anyone promised to reward you or any member of your family?
"THE DEFENDANT: No.
". . . .
 "THE COURT: Do you understand the punishment [for theft of property in the second degree and the application of the Habitual Felony Offender Act] is by imprisonment for not less than 2 nor more than 20 years?
"THE DEFENDANT: Yes, sir.
". . . .
 "THE COURT: You've talked over all these things with your lawyer?
"THE DEFENDANT: Yes, sir, I sure have."
(R. 7-9.) The State also introduced the "Ireland form"[2]
signed by both Blackmon and his lawyer, which the State says specifically states that Blackmon's minimum sentence would be two years. At the hearing on Blackmon's motion to withdraw his guilty plea, he acknowledged signing the form, but he noted that the form says "credit for time served," which Blackmon said he understood to mean "time served . . . walk out and go home," in accordance with the advice he says he had received from his attorney. (R. 18.)
The trial court denied Blackmon's motion to set aside or withdraw the guilty plea, and Blackmon appealed. The Court of Criminal Appeals, on February 13, 1998, affirmed the trial court's order, by an unpublished memorandum. Blackmon v. State, (CR-96-2033), 728 So.2d 714 (Ala.Crim.App. 1998) (table). In its unpublished memorandum, the court stated:
 "`The mere subjective beliefs or expectations of a defendant as to the length of sentence to be imposed, unsupported by any promise from the State or indications by the court, are insufficient and unavailing to set aside a guilty plea as unknowingly or involuntarily made.' State v. Holman, 486 So.2d 500, 503 (Ala. 1986)."
We granted Blackmon's petition for certiorari review because the Court of Criminal Appeals' holding conflicts with other cases in which that court has held that misrepresentations by a defendant's counsel can render a guilty plea involuntary, thereby requiring the trial court to allow the defendant to withdraw the plea. See, e.g., Minor v. State, 627 So.2d 1071, 1072
(Ala.Crim.App. 1992); Elder v. State, 494 So.2d 922, 924
(Ala.Crim.App. 1986).
By the reasoning of its unpublished memorandum, the Court of Criminal Appeals has improperly restricted the defendant's proof of an unknowing or involuntary guilty plea to representations or promises made by the trial court or the *Page 997 
State. In fact, a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary. See Minor, supra (misrepresentation by defendant's counsel as to punishment to be imposed or length of sentence may be ground for withdrawal of guilty plea); Elder, supra (misrepresentation by defendant's counsel of date on which defendant would be eligible for parole may render a guilty plea involuntary); cf. Brown v. State, [Ms. CR-97-2075, October 23, 1998] 727 So.2d 885 (Ala.Crim.App. 1998) (misrepresentation by defendant's counsel as to eligibility for work release may supply basis for ineffective-assistance-of-counsel claim, citing Minor, supra).
Our conclusion that the Court of Criminal appeals reasoned incorrectly does not mean that Holman, relied on by that court, should be overruled. Holman may support the denial of a motion to withdraw or set aside a guilty plea when the defendant can show nothing more than his subjective beliefs or expectations as a basis for the motion. Holman applies when the inducement to plead guilty does not involve a defendant's reliance on a misrepresentation by defense counsel; it does not apply if the defendant is not relying merely on his own subjective beliefs or expectations, but also on his counsel's misrepresentation. That having been said, we turn to Blackmon's contention that the trial court erred in denying his motion to withdraw or set aside his guilty plea.
Whether a defendant should be allowed to withdraw a guilty plea is a matter within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of that discretion. Boykin v. State, 361 So.2d 1158, 1160
(Ala.Crim.App. 1978). The evidence in the present case was conflicting. Blackmon and his fiancee testified that Blackmon pleaded guilty because of misrepresentations of his trial counsel. The State, however, presented evidence indicating that Blackmon's trial counsel did not make the representations or promises alleged. The State introduced the record of the plea colloquy and the "Ireland form," which was signed by both Blackmon and his lawyer; in both that colloquy and the Ireland form Blackmon denied that any promises or inducements were leading him to plead guilty. Therefore, the trial court had before it evidence that would support an order denying Blackmon's motion to withdraw his guilty plea, and we cannot say the court abused its discretion in denying it.
Furthermore, we find it significant that Blackmon neither called his trial counsel as a witness nor introduced an affidavit from his trial counsel verifying Blackmon's claim that counsel had made the alleged misrepresentations. Other courts have found testimony verifying that counsel made the alleged misrepresentations sufficient to warrant withdrawing or setting aside a guilty plea. See Costello v. State, 260 So.2d 198, 201
(Fla. 1972). Absent such testimony, we find Blackmon's case to be similar to Colon v. State, 586 So.2d 1305 (Fla.Dist.Ct.App. 1991), appeal after remand, 595 So.2d 271 (Fla.Dist.Ct.App. 1992), which held that, in the absence of testimony from the defendant's trial counsel, a transcript of a plea colloquy was sufficient to refute the defendant's claim that his counsel had promised he would receive a more lenient sentence. Accordingly, although its unpublished memorandum indicates the Court of Criminal Appeals may have misunderstood the legal principles governing Blackmon's motion to withdraw or set aside his guilty plea, that court properly affirmed the trial court's order denying that motion.
AFFIRMED.
Hooper, C. J., and Maddox, Houston, Kennedy, Cook, and See, JJ., concur.
Johnstone, J., dissents.
Brown, J., recuses herself.
[1] Appellate counsel was appointed on July 9, 1997, two days after Blackmon had sent a letter to the Madison County Circuit Court clerk's office stating that the only reason he pleaded guilty was because of trial counsel's misrepresentations.
[2] See Ireland v. State, 47 Ala. App. 65, 250 So.2d 602
(1971). *Page 998