The appellant, Eddie Andrew Gordon, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his May 2005 guilty-plea conviction for possession of a controlled substance and his resulting sentence as an habitual felony offender to 20 years' imprisonment; that sentence was split and he was ordered to serve 5 years followed by 3 years of supervised probation. On August 11, 2005, this Court dismissed Gordon's appeal because he failed to move to withdraw his guilty plea or to reserve any issues for appellate review.
On November 3, 2005, Gordon filed this, his first, Rule 32 petition. He alleged: (1) that his guilty plea had been unlawfully induced or not voluntarily made because, he said, he was falsely promised that he would be placed in the community corrections program if he pleaded guilty; and (2) that he was denied effective assistance of counsel.[1] Lastly, Gordon requested an evidentiary *Page 1182 
hearing. On January 12, 2006, the State argued that Gordon's petition was both precluded from appellate review and without merit. On January 19, 2006, the trial court issued an order dismissing Gordon's petition. This appeal followed.
On appeal, Gordon reasserts the claims he raised in his petition to the trial court.
The State concedes that the trial court issued an order of dismissal without addressing the specific claims Gordon raised in his petition. After reviewing the record on appeal, we agree.
With regard to Gordon's allegation regarding the voluntariness of his guilty plea, we have stated:
 "A challenge to the voluntariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition. See Cantu v. State, 660 So.2d 1026, 1027 (Ala. 1994); Faulkner v. State, 741 So.2d 462 (Ala.Crim.App. 1999); Boykin v. State, 708 So.2d 210 (Ala.Crim.App. 1997). Gilmore pleaded guilty to first-degree robbery on February 10, 2004. Therefore, his Rule 32 petition — filed on February 9, 2005 — was timely. See Rule 32.2(c), Ala.R.Crim.P.
"This Court has held that
 "`at the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have the burden of proving his claims by a preponderance of the evidence. Rather, at the pleading stage, a petitioner must provide only "a clear and specific statement of the grounds upon which relief is sought." Rule 32.6(b), Ala.R.Crim.P. Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.'
"Ford v. State, 831 So.2d 641, 644
(Ala.Crim.App. 2001).
 "Here, Gilmore claimed that his plea was involuntary because, he says, his counsel told him that if he pleaded guilty he would receive either a split sentence or probation. Alternatively, Gilmore claimed that his counsel was ineffective for failing to enforce the terms of his plea agreement, which he says called for him to receive either a split sentence or probation. `[A] misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary.' Ex parte Blackmon, 734 So.2d 995, 997 (Ala. 1999). See also Minor v. State, 627 So.2d 1071 (Ala.Crim.App. 1992). In Ford v. State, we held that a petitioner's claim that his plea was involuntary because of his counsel's alleged misrepresentation that he would receive a split sentence if he pleaded guilty was sufficiently pleaded to warrant an evidentiary hearing. 831 So.2d at 644. Although the State's answer and motion for summary dismissal contend that Gilmore's plea agreement did not support his claim regarding a split sentence or probation, the State offers no proof in support of this contention. See Baker v. State, 777 So.2d 859, 861 n. 2 (Ala.Crim.App. 1996) (`District attorneys would be well advised when answering Rule 32 petitions presenting "voluntariness" claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist.'). Likewise, the trial court's order makes no specific findings of fact regarding the merits of this claim. Thus, it is necessary to remand *Page 1183 
this case for further findings as to the merits of Gilmore's claim.
 "Given that Gilmore filed his petition within the one-year limitations period set out in Rule 32.2(c), Ala.R.Crim.P., the ineffective-assistance-of-counsel claim raised in the petition is not procedurally barred. Moreover, because Gilmore's claim of ineffective counsel also involves his counsel's conduct as it relates to the alleged errors during the plea proceeding, we are unable to say, at this time, that Gilmore failed to plead any facts that would entitle him to relief."
Gilmore v. State, 937 So.2d 547, 550-51
(Ala.Crim.App. 2005). Here, neither the State's response nor the trial court's order specifically addressed the claims raised by Gordon. Therefore, remand is necessary to address this claim.
Gordon also raises several allegations of ineffective assistance of counsel. The trial court also did not specifically address those claims. In V.R. v. State,852 So.2d 194 (Ala.Crim.App. 2002), this Court addressed this issue when it stated:
 "In Avery [v. State], 832 So.2d [664,] 666 [(Ala.Crim.App. 2001)], this Court stated:
 "`Under [Ex parte] Ingram[, 675 So.2d 863
(Ala. 1996)], the proper method for presenting an ineffective assistance of trial counsel claim that could not reasonably be presented in a motion for a new trial is by filing a Rule 32 petition.
 "`"If the appellant was convicted before the Alabama Supreme Court's decision in Ingram, newly appointed appellate counsel could have presented claims of ineffective assistance of trial counsel in a motion for new trial filed pursuant to Ex parte Jackson, 598 So.2d 895 (Ala. 1992). Those same claims of ineffective assistance of trial counsel could have then been presented on direct appeal. Accordingly, if the appellant was convicted before the decision in Ingram, and the appellant was, in fact, represented by separate appellate counsel, then the allegations of ineffective assistance of trial counsel presented in the Rule 32 petition are precluded from review, because the claims could have been, but were not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. If, however, the appellant was convicted after Ingram, the appellant is not necessarily precluded from raising allegations of ineffective assistance of trial counsel in a Rule 32 petition. If the appellant can establish that appellate counsel could not have reasonably asserted all the allegations of ineffective assistance of trial counsel in a timely filed motion for new trial — thereby preserving the claims for review on direct appeal — then the appellant is not precluded from raising ineffective assistance of trial counsel claims in a Rule 32 petition."
 "`Andersch v. State, 716 So.2d 242, 245
(Ala.Crim.App. 1997).'"
852 So.2d at 197. Here, Gordon appears to have met his burden of pleading. Accordingly, remand is necessary for the trial court to specifically address his claims of ineffective assistance of counsel.
Based on the foregoing, we remand this case to the Circuit Court of Montgomery County for that court to set out its reasons for dismissing Gordon's claims. The circuit court should "make specific findings of fact relating to each material issue of fact presented." Rule 32.9(d), Ala. R.Crim.P. The circuit court shall take all necessary action to see that the circuit clerk makes *Page 1184 
due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] Gordon made the following claims of ineffective assistance of counsel: (a) that his trial counsel failed to investigate whether he met the eligibility requirements for entrance into the community corrections program before he agreed for Gordon to plead guilty; (b) that his trial counsel failed to file a motion to withdraw the guilty plea and motion for a new trial based on the promise of his acceptance into the community corrections program; and (c) that his appellate counsel failed to file a motion for new trial raising the involuntariness of the guilty plea, trial counsel's alleged promises that he would be accepted into the community corrections program, and trial counsel's alleged failure to file a motion to withdraw the guilty plea.
* Note from the reporter of decisions: On January 12, 2007, on return to remand, the Court of Criminal Appeals affirmed, without opinion.