WELCH, Judge,
dissenting.
I respectfully dissent from the majority’s opinion remanding this Rule 32, Ala. R.Crim. P., petition to the circuit court for further proceedings. The majority holds that the circuit court failed to rule on Courtney Laverle Robinson’s claim that his counsel’s material misrepresentation about the sentence he would receive if he entered a blind plea, as opposed to entering a plea pursuant to the State’s offer, rendered his guilty plea involuntary.
The majority, finding the claim sufficiently pleaded, remanded the cause, because, it stated, “the appellant’s claim could be meritorious, [and] the circuit court erred in not addressing it.”
That majority’s decision is apparently based upon caselaw holding that “ ‘a misrepresentation by a defendant’s counsel, if material, may render a guilty plea involuntary.’ Ex parte Blackmon, 734 So.2d 995, 997 (Ala.1999). See also Minor v. State, 627 So.2d 1071 (Ala.Crim.App.1992).” Gordon v. State, 987 So.2d 1181, 1182 (Ala.Crim.App.2006) (quoting Gilmore v. State, 937 So.2d 547, 550-51 (Ala.Crim.App.2005)). In the above cases, the defendant pleaded guilty because trial counsel incorrectly represented to the defendant that the defendant would receive a certain sentence upon pleading guilty or pleaded guilty because counsel incorrectly informed the defendant of the collateral results of his entering a guilty plea. See e.g., Ex parte Blackmon, 734 So.2d 995 (Ala.1999) (promise of release from custody on the day of plea based on time served); Gordon v. State, supra (promise of placement in the community corrections program); Gilmore v. State, supra (promise of a split sentence or probation); Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001) (promise of split sentence); Minor v. State, 627 So.2d 1071 (Ala.Crim.App.1992) (promise of probation). Contrary to the majority’s holding, I do not believe that Robinson’s plead *558 ing, if true, was sufficient to entitle him to relief.
Robinson claimed the following in his petition:
“Attorney McCaleb advised Robinson that he could either take the [State’s offer of a] twenty[-year sentence] or plea blind. Attorney McCaleb informed Robinson that if he plead[ed] blind he could make a case for not twenty years but for fifteen or fourteen years because he thought he could ‘do better.’ [See: Motion to Reconsider R.3 lines 2-8 & R.4 lines 2-9]”.
(CR. 21.)(Emphasis added.) Robinson further argues that he “rejected the 20-year plea bargain the District Attorney offered and entered into a blind plea of guilty based solely upon the advise from his Attorney. [See: Exhibit-B].”[2] (CR. 23).
Robinson’s petition cited the following from his motion for sentence reconsideration, which was attached to his petition.
“[Defense counsel:] [A]nd there was an offer of twenty years which [the prosecutor] made and Mr. Robinson rejected. And, of course, that twenty years was with the consent of the victims in the case. But Courtney, he refused it, and, you know, he did that knowingly. But I told him, I said, well, Courtney, we can try it, you can take the twenty or you can go and plead blind. And I told him, I said, you can plead blind and we can make a case for not twenty years, but maybe fifteen or fourteen years, twice what you got last time. So it was really my advice I think that he came in here and pled blind.”
(CR-74-75.) (Emphasis added.)
“[Defense counsel:] But I think that [Robinson’s] prior record was somewhat, when [the court] looked at it, overwhelming to [the court] when [the court] gave him life. And I kind of forgot about, you know, just how bad [Robinson’s prior record] was, but I don’t want [the court] to give him a life sentence or anything close to that based on me telling him let’s just plead blind because we might be able to do better. And actually [I] told him, I said, the Judge knows you rejected a twenty year plea agreement, so I don’t think it will get any worse than that so let’s just go for that. Well, it did get a lot worse than that. And I really feel like that was probably my fault and I don’t want you to punish him for my advice. I think the twenty years was probably fair under the circumstances. And [the prosecutor and victims] were in agreement with that.”
(CR-75-76.) (Emphasis added.)
In its response, the State contradicted Robinson’s allegation of ineffective assistance of counsel by arguing that the transcript from the hearing on the motion for sentence reconsideration reflects that Robinson “knowingly rejected the earlier twenty year offer” and “[n]owhere [in Robinson’s pleadings, exhibits, or motion to reconsider transcript] is it indicated that [Robinson’s] trial counsel promised him that this Court would sentence below the 20 year offer.” (CR. 87-88.)
The circuit court ruled that “[a]U proceedings in the above-styled matter were held in this Court and the undersigned hereby acknowledges that [Robinson’s] received effective assistance of counsel.” (CR. 90.) (Emphasis added.)
I, like the majority, do question the circuit court’s ruling as to Robinson’s claim that his plea was induced by counsel’s *559 misrepresentations. The circuit court, even where the same judge presides over the trial on the merits and over the Rule 32 petition, could not know what discussions took place between counsel and his client. See, e.g., Ex parte Walker, 800 So.2d 135, 138 (Ala.Crim.App.2000) (“[T]he trial court did not have personal knowledge of the performance of Walker’s lawyers on appeal. Walker’s claim alleging ineffective assistance of appellate counsel is based upon conduct of those lawyers that the trial court could not have observed.”). Nevertheless, for the reasons that follow, I agree with the State that Robinson’s pleadings do not suggest that counsel’s comments constituted a misrepresentation that induced Robinson to enter a blind plea.
The pleadings, which assert that counsel made statements such as “we might be able to do better,” “I don’t think it will get any worse,” and “let’s just go for that,” do not suggest that counsel made a misrepresentation to Robinson regarding the length of his sentence. There was no representation that the sentencing court would sentence Robinson to less than 20 years’ imprisonment. It is my opinion that the pleadings reflect that Robinson declined the State’s offer of a 20-year sentence after his counsel presented to Robinson his view of the probabilities associated with that decision. That counsel believed that the probabilities were favorable and that he could — and the record reflects that he did — make a compelling argument for the imposition of a sentence of less than 20 years, does not constitute a material misrepresentation just because the sentencing court was not persuaded by counsel’s argument. See e.g., Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (strategic decisions by counsel are “virtually unchallengeable”).
Robinson was advised of the correct range of punishment, and he knew that declining the State’s offer and entering a blind plea was, to use colloquialism, “going for it.” Counsel’s bearing the blame after Robinson’s expectations were not met, for what counsel now describes as poor advice, does not change the fact that counsel never promised Robinson that he would in fact be sentenced as he hoped.
Thus, Robinson’s pleadings fail to present facts, if true, suggesting that counsel misrepresented the range of punishment. A mere hope, subjective belief or expectation of the defendant and his counsel regarding the length of the sentence is insufficient to warrant withdrawal of a guilty plea unless that belief or expectation is based on a promise by the State. Alderman v. State, 615 So.2d 640 (Ala.Crim.App.1992); State v. Holman, 486 So.2d 500, 503 (Ala.1986); Tiner v. State, 421 So.2d 1369 (Ala.Crim.App.1982).
Thus, I would affirm the order denying Robinson relief on this claim, because I believe that this claim was not sufficiently pleaded to satisfy the requirements in Rule 32.3 and Rule 32.6(b), Ala. R.Crim. P. Therefore, I must respectfully dissent.

. There are several unlabeled attachments to Robinson's petition. We are unsure which was intended as Exhibit B.