WISE, Judge.
 

 The appellant, Wesley Winbush, appeals from the circuit court’s dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his June 2007 conviction for trafficking in cocaine and his resulting sentence, as an habitual felony offender, to 17 years’ imprisonment. No direct appeal was taken from this conviction.
 

 On February 6, 2008, Winbush filed this, his first, Rule 32 petition wherein he alleged that he was denied effective assistance of counsel because, he said, counsel erroneously informed him that if he pleaded guilty that he would receive “good-time credit” under § 14-9-41, Ala.Code 1975. On July 7, 2008, the State filed its response, in which it argued Winbush’s petition was without merit. On July 16, 2008, the circuit court issued an order dismissing Winbush’s petition. This appeal followed.
 

 On appeal, Winbush reasserts the claim raised in his petition to the circuit court.
 

 To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel’s performance was deficient, and (2) that he was prejudiced by the deficient performance.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 Ex parte Lawley,
 
 512 So.2d 1370, 1372 (Ala.1987). In the context of a guilty-plea proceeding, a petitioner must show that, but for counsel’s errors, the petitioner would not have pleaded guilty but would have insisted on proceeding to trial.
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In the instant case, Winbush has presented allegations that, if true, could entitle him to relief; thus, the trial court erred in summarily
 
 *424
 
 dismissing this claim.
 
 Ex parte Boatwright,
 
 471 So.2d 1257 (Ala.1985).
 

 Based on the foregoing, this cause is remanded to
 
 the
 
 circuit court for an evi-dentiary hearing and written findings of fact on Winbush’s allegation that he was denied effective assistance of counsel. In lieu of an evidentiary hearing, the circuit court may take evidence as provided in Rule 32.9, Ala.R.Crim.P. In either event, the circuit court should make specific findings of fact as required by Rule 32.9(d), Ala.R.Crim.P. If a hearing is conducted, the return to remand shall contain a transcript of the proceedings. If the circuit court determines that Winbush is entitled to relief, then the court may grant such relief as it deems appropriate.
 

 The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
 

 REMANDED WITH DIRECTIONS.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.