*637
 

 After Remand from the Alabama Supreme Court
 

 KELLUM, Judge.
 

 The appellant, William C. Coleman, appealed from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he challenged his April 7, 2008, guilty-plea convictions for first-degree rape, first-degree sodomy, and two counts of first-degree sexual abuse. Specifically, Coleman alleged in his Rule 32 petition that his guilty plea was involuntary because, he says, he was denied effective assistance of counsel. This Court affirmed, without an opinion, the circuit court’s judgment denying Coleman’s petition for postconviction relief on the basis that Coleman’s petition was insufficiently pleaded under Rule 32.3, Ala. R.Crim. P., and Rule 32.6, Ala. R.Crim. P. See
 
 Coleman v. State
 
 (No. CR-09-0088, Feb. 19, 2010), - So.3d -(Ala.Crim.App.2010) (table).
 

 Coleman then petitioned the Alabama Supreme Court for certiorari review, arguing that he had met his burden of pleading in his Rule 32 petition and that, on that basis, he was entitled an opportunity to present evidence in order to satisfy his burden of proof. The Supreme Court granted certiorari review, and on August 27, 2010, reversed this Court’s judgment, holding that the circuit court erred in summarily denying Coleman’s petition without first conducting an evidentiary hearing because Coleman had alleged facts that, if true, would entitle him to relief and because his Rule 32 petition was “meritorious on its face.”
 
 Ex parte
 
 Coleman, 71 So.3d 627, 633 (Ala.2010).
 

 In accordance with the Supreme Court’s opinion, we remand this case to the circuit court for that court to conduct an eviden-tiary hearing on Coleman’s allegation that he was denied effective assistance of counsel. In lieu of an evidentiary hearing, the circuit court may take evidence by affidavits, written interrogatories, or depositions, as provided in Rule 32.9, Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Coleman’s claim in accordance with Rule 32.9(d), Ala. R.Crim. P.
 

 The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the circuit court, together with the circuit court’s written findings of fact.
 

 REMANDED WITH INSTRUCTIONS.
 

 WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.